UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY E. WEST,
                        Plaintiff,

                                      06-CV-275

                  v.                **DECISION**
                                           **and ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,

                        Defendant.

---

## INTRODUCTION

Plaintiff Kathy West ("West" or "Plaintiff"), brings this action pursuant to the Social Security Act § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits. Specifically, West alleges that the decision of the Administrative Law Judge ("ALJ") James Garrett was erroneous because it was not supported by substantial evidence in the record and contained errors of law.

The Commissioner moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the grounds that the ALJ's decision was supported by substantial evidence and made in accordance with applicable law. Plaintiff opposes the Commissioner's motion and cross-moves for judgment on the pleadings, or in the alternative for the case to be remanded.

-Page 1-

For the reasons set forth below, I hereby deny defendant's motion for judgment on the pleadings, grant plaintiff's cross-motion for judgment on the pleadings, and remand this claim to the Commissioner for further proceedings consistent with this decision.

## BACKGROUND

On March 12, 2004, plaintiff Kathy West, at the time a 48 year old former kitchen supervisor, bus driver, recreation aide and residential manager, applied for Social Security disability benefits claiming that she had become unable to work as of October 1, 2002 because of asthma, high blood pressure, anxiety, fibrous breasts, and back pain (Tr. 54-56). West's application was initially denied (Tr. 34-38). She then filed a request for a hearing, and on September 30, 2005, a hearing was held before ALJ James Garrett (Tr. 230-44). On December 17, 2005, the ALJ found that the plaintiff was not disabled (Tr. 10-20). The Appeals Council denied review (Tr. 3-5). This action followed.

## DISCUSSION

### I.   JURISDICTION AND SCOPE OF REVIEW

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S. 319, 320 (1976). Additionally, the section directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record.

See Bubnis v. Apfel, 150 F.3d 117, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence in the record as a whole, and whether the Commissioner's conclusions are based upon an erroneous legal standard. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by the substantial evidence).

The Commissioner asserts that her decision is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).  If, after a review of the pleadings, the court is convinced that plaintiff can prove no set of facts in

support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.  STANDARD FOR ENTITLEMENT TO SOCIAL SECURITY BENEFITS

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ..."  42 U.S.C. §§ 423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance ("OASDI")); 42 U.S.C. § 1382c(a)(3)(A) (2004) (concerning SSI payments).  An individual will only be considered "under a disability" if her impairment is so severe that she is both unable to do her previous work *and* unable to engage in any other kind of substantial gainful work that exists in the national economy.  §§ 423(d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." Id.  Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment.  20 C.F.R. § 404.1572(a) (OASDI); 20 C.F.R. § 416.972(a) (SSI).  Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a

profit is realized. §§ 404.1572(b) and 416.972(b). Furthermore, "substantial gainful work" is considered available to an individual regardless of whether such work exists in his immediate area, whether a specific job vacancy exists for him, or whether he would be hired if he were to apply for work. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an Administrative Law Judge, SSA regulations require the ALJ to perform a five-step sequential evaluation. Pursuant to this analysis:

(i) if the claimant is performing substantial gainful work, she is not disabled;

(ii) if the claimant is not performing substantial gainful work, her impairment(s) must be "severe" before she can be found to be disabled;

(iii) if the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry

(iv) if the claimant's impairment (or impairments) does not prevent her from doing her past relevant work, she is not disabled;

(v) even if the claimant's impairment or impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(I)-(v) and 416.920(a)(4)(I)-(v). The ALJ in this case performed the required five-step evaluation and determined that: (I) the plaintiff had not engaged in substantial gainful employment since October 1, 2002; (ii) the plaintiff's asthma and back disorder were considered "severe" under §§ 404.1520(c) and 416.920(c); (iii) the plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (iv) the plaintiff was not able to perform her past relevant work as a kitchen supervisor, bus driver, recreation aide, and residential manager and; (v) the plaintiff had the residual functional capacity to perform sedentary level work (Tr. 13-18).

This court finds that the ALJ erred in determining the plaintiff's residual functional capacity because he relied on ambiguous medical evidence in the record, and failed to elicit the testimony of a vocational expert.

### III. **The ALJ erred in failing to clarify the ambiguous medical evidence in the record.**

"In... Social Security disability cases, the agency's own regulations require administrative law judges affirmatively to assist claimants in developing the record..." Li v. Mukasey, __ F.3d __, __ , 2008 WL 2805696, *4 (2d Cir. June 13, 2008). As a part of this obligation, under 20 C.F.R. § 404.1512(e) the ALJ must recontact a claimant's treating physician when the evidence received is "inadequate . . . to determine whether [the claimant

is] disabled." Additionally, if an ALJ perceives inconsistencies in a treating physician's reports, he "bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly." Hartnett v. Apfel, 21 Supp. 2d 217, 221 (E.D.N.Y. 1998).

The medical records submitted by plaintiff's treating pulmonary specialist, Dr. Fiorica, contain several inconsistencies. I find that the ALJ committed error by failing to contact Dr. Fiorica for clarification of his opinions concerning the severity of the plaintiff's asthma and the extent to which it would be improved if plaintiff quit smoking.

Dr. Fiorica initially evaluated the plaintiff's asthma condition on September 29, 2003 and reevaluated the plaintiff on March 29, 2004 (Tr. 151). In his assessment, Dr. Fiorica noted that plaintiff had a "history of chronic asthma" with mild obstructive airway disease and severe small airways dysfunction (Tr. 151). In the same assessment, he also classified plaintiff's asthma as "mild," and stated that he had "strongly" encouraged the her to stop smoking (Tr. 152).

The plaintiff was again seen by Dr. Fiorica on August 23, 2004 (Tr. 149). In his assessment, he noted that the plaintiff had "a history of moderate asthma" (Tr. 149). Later, in the same assessment, Dr. Fiorica noted that the plaintiff had a "history of

mild asthma" and that he had emphasized to her that she "must attempt to quit smoking" (Tr. 149).

These evaluations reveal that Dr. Fiorica's opinion as to the severity of plaintiff's asthma is unclear. Throughout his assessments, Dr. Fiorica notes that plaintiff was prescribed the use of several medications to manage her asthma, which include; albuterol inhaler, albuterol via nebulizer, Serevent, Singular, Advair, and Prednisone. Dr. Fiorica's opinions are ambiguous when considered along with claimant's repeated emergency room visits for her asthma attacks.  Of particular note is an emergency room visit which resulted in a five day hospitalization from January 29, 2005 to February 4, 2005, during which plaintiff was diagnosed as having "chronic asthma" and "respiratory failure" (Tr. 178). This would be consistent with evidence of extensive medications being taken for asthma, pain, and depression.  Dr. Fiorica's assessments are also unclear whether plaintiff's continued smoking contributes to her asthma. While Dr. Fiorica emphasized that plaintiff should quit smoking, he never specified whether her asthma would be improved by doing so.

The ALJ erred in not recontacting Dr. Fiorica to clarify the severity of plaintiff's asthma before determining plaintiff's residual functional capacity.  Upon remand, the ALJ shall recontact Dr. Fiorica to determine the severity of plaintiff's asthma as well as the extent to which her asthma would be improved by quitting

smoking. Once the medical evidence has been clarified, the ALJ shall then reconsider the combination of the plaintiff's ailments in determining if she is disabled.

Plaintiff also claims to suffer from depression and anxiety for which she was prescribed psychotropic medication. In her examination by a consultative physician, Dr. Steven Dina, on April 28, 2004, it was reported that she had hypertension since 2002 and asthma since she was born. Her list of medications being taken as of that time were: Hydrochlorothiazide 25 mg, Norvasc 5 mg, Ambien 10 mg, Albuterol (nebulizer), Advair, Singulair 10 mg, Xanax 1 mg, Paxil 12.5 mg, Hydrocodone 7.5 mg, and Prednisone 10 mg. His diagnosis was depression and anxiety, hypertension, asthma, and hammer toes. His indicated prognosis was "fair." Her family physician, Dr. Mehta also diagnosed her with depression. Dr. Mehta referred her to Dr. Gosy, a pain specialist, who saw her on August 19, 2004 for complaints of pain throughout her body. Her medications at that time were: Bextra 10 mg, Lortab 10 mg, Ambien, Prednisone, Advair, Albuterol, Hydrochlorothiazide, Norvasc, Duragesic, Hydrocodone 10 mg (six per day), Soma, Valium as needed, and Celebrex. Dr. Gosy concluded that claimant had generalized osteoarthritis. (Tr. 148). Based on this medical record, the ALJ, without the assistance of a vocational expert, determined that the plaintiff was unable to return to her former employment, but she was

able to make an adjustment to other work that exists in significant numbers in the national economy.  (Tr. 14).

## IV. **The ALJ erred in not eliciting the testimony of a vocational expert.**

I find that the ALJ should have consulted a vocational expert to properly determine the plaintiff's residual functional capacity.

At the hearing, the ALJ took notice of plaintiff's nonexertional limitations, noting the effects of her fatigue and shortness of breath on her ability to walk and stand (Tr. 235-36). Additionally, the plaintiff testified to experiencing severe pain, anxiety and drowsiness from her medication (Tr. 240-242). Such nonexertional impairments are more than negligible and warrant the testimony of a vocational expert to determine the plaintiff's residual functional capacity.  The Second Circuit has held that vocational expert testimony is necessary whenever the loss of work capacity due to nonexertional impairments is more than negligible. Bapp v. Bowen, 802 F.2d 601, 605-606 (2d Cir. 1986). Since the plaintiff is limited to sedentary work which must allow her to alternate her position between sitting and standing, the ALJ was required to consult a vocational expert to determine whether or not those limitations, along with her other limitations, would prevent her from performing jobs which exist in the national economy and in the Western District of New York.  See Social Security Ruling 83-12.

Upon remand, the ALJ shall consult with a vocational expert to determine what jobs, if any, the plaintiff would be capable of performing within the sedentary range of work, given her nonexertional limitations. <u>Iannopollo v. Barnhart</u>, 280 F. Supp. 2d 41 (W.D.N.Y. 2003). <u>See</u> <u>also</u> Social Security Ruling 96-8p.

## **CONCLUSION**

For the reasons set forth above, the case is remanded to the Commissioner for an <u>expedited</u> hearing for the purpose of clarifying the ambiguous medical evidence in the record and consulting a vocational expert consistent with this opinion. Plaintiff's motion for judgment on the pleadings is granted and defendant's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

      s/Michael A. Telesca  

      MICHAEL A. TELESCA
      United States District Judge

Dated:    Rochester, New York
          June 25, 2008